NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DORA L. WILLIAMS,**
*Petitioner*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent*

---

2015-3021

---

Petition for review of the Merit Systems Protection Board in No. SF-0831-14-0631-I-1.

---

Decided: May 6, 2015

---

DORA L. WILLIAMS, Las Vegas, NV, pro se.

KENNETH SAMUEL KESSLER, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by JOYCE R. BRANDA, ROBERT E. KIRSCHMAN, JR., REGINALD T. BLADES, JR.

---

Before O'MALLEY, CLEVENGER, and HUGHES, *Circuit Judges.*

PER CURIAM.

Dora Williams petitions for review of a final decision of the Merit Systems Protection Board ("the Board") finding that the Office of Personnel Management ("OPM") properly denied her claim for survivor annuity benefits. Because Williams has failed to demonstrate any reversible error by the Board, we *affirm*.

## I. BACKGROUND

Richard Lewis, the late spouse of Williams, retired from federal service under the Civil Service Retirement System on January 3, 1997. At the time of his retirement, Lewis was married to his previous wife, but they divorced on October 14, 2009. Lewis then married Williams on January 13, 2010. On January 25, 2010, Lewis contacted OPM, requesting that Williams be added to his health insurance. In response, OPM acknowledged receipt of the information and notified Lewis that he could elect to reduce his own annuity payments and establish a survivor annuity benefit for his new spouse within two years of his remarriage. OPM explained that failure to elect a survivor benefit would mean that his spouse also would not be entitled to health benefits after his death. In June 2013, more than 2 years after their marriage, Lewis submitted forms to designate Williams as the 100% beneficiary of his benefits. OPM accepted these forms after Lewis fully executed them.

After Lewis's death, Williams applied to OPM for death benefits. On April 10, 2014, OPM denied her request, explaining that Lewis had not elected to establish a survivor annuity. Williams sought reconsideration, but OPM affirmed its initial decision, stating that it had notified Lewis of the two-year requirement for creating a survivor annuity and Lewis had not opted to make that election within that time frame. OPM notified Williams that "[w]e have carefully reviewed our records and we find that your late spouse did not submit a timely election (or

any election) of survivor benefits for you at any time between the date of his marriage to you on January 13, 2010, and his date of death." Respondent's App'x 17.

Williams appealed OPM's decision to the Board. On September 12, 2014, the administrative judge affirmed OPM's denial of Williams claims. This decision became the final decision of the Board on October 17, 2014. Williams petitioned for review by this court.

## II. DISCUSSION

Williams argues that she and her husband submitted a "signed Designation of Beneficiary" and a "'Living Will,' Last Will and Testament," which should entitle her to all benefits from her late husband. Petitioner's Br. 1. Williams contends that OPM acknowledged receipt of her husband's "request of beneficiary." *Id.* Williams also asserts that not receiving the benefits "has affected [her] life physically and emotionally." *Id*. at 2.

Although we, like the Board, have "great sympathy for the appellant's plight," Respondent's App'x 7, our review over the Board's decision is limited by statute. We can only set aside the Board's findings or conclusions if they are "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2012).

Under 5 U.S.C. § 8339(j)(5)(c)(1), upon remarriage, Lewis was required to elect a survivor annuity by reducing his own annuity "in a signed writing received by the Office within 2 years after remarriage." The Board found that Lewis failed to elect a survivor annuity for Williams within the two-year period prescribed by statute. The Board explained there was no basis for waiving the filing deadline because OPM notified Lewis of the filing deadline when Lewis informed OPM he had remarried. The

Board also found that the forms Lewis submitted to make Williams his 100% beneficiary—submitted after the two-year deadline had passed—did not evidence a clear intent to elect a survivor annuity for Williams, specifically stating that the election reflected in those forms "will not affect rights of survivors for annuity benefits after the annuitant's death." Respondent's App'x 6. All of the Board's findings are supported by substantial evidence. On these facts, we have no authority to set aside the Board's findings.

## III. CONCLUSION

For the foregoing reasons, we affirm the decision of the Board.

**AFFIRMED**